Daniels, J.
The order a'djudging the appellant to be in contempt and directing his punishment, was made upon an order served upon him to show cause why he should not be so punished, but upon the hearing no sufficient proof was made of the facts subjecting the appellant to this punishment.
It was shown that the receiver had stated that he had received about the sum of $600, which, however, he swore he had expended to great extent in the measures taken for its collection. Whether he was entitled to be allowed for these expenditures, or any part of them, out of this sum of $600, was left uncertain and unascertained in the proceeding against him. Neither was it shown that he had received the full sum of $600; neither was it declared in or by the order imposing the fine of $600 upon the appellant, that the defendant had sustained damages, losses or injury to that extent by the non-payment of this sum of money. In each of these respects the proceeding was materially defective, so much so, as not to justify the commitment of the receiver for the omission to pay this sum of $600. Swenarton v. Schupe, 40 Hun, 41; Fall Brook Coal Co. v. Hecksher, 4 N. Y. State Rep., 657.
The proof upon which the other order directing the delivery to the defendant of all the co-partnership property, stock, chattels, books, vouchers, accounts, choses in action, *124 and effects was made, is not so defective. It did fail, it is true, to show in particular what property, stock, chattels, books, vouchers, accounts, etc., it was intended should be delivered under it by the receiver to the defendant. It was addressed and directed to him upon his knowledge of what he had in this manner acquired under his appointment, and having that knowledge he could very well comply with the direction given by this order by returning all the property, books, vouchers, accounts, choses in action, and effects that he had received under the order of his appointment. The order containing this direction has not provided in any manner for his punishment; neither has it for any cause adjudged him to be in contempt, but for a failure to comply with the directions contained in the order, he may hereafter subject himself to that punishment. But before it can be regularly imposed upon him, the court will be required to ascertain what the property, stock, chattels, books, vouchers, accounts, choses in ¡action and effects are which he has received and should return to the defendant. And when that has been ascertained, if upon adequate proof he shall fail to comply with a specific direction to return what the court shall find to be in his possession or under his control which ought to be returned, then he will be liable to punishment for not complying with the direction given. The order from which this appeal has been taken, was regularly made upon proof sufficiently substantiating the facts to justify the direction contained in it. And while the other order should be reversed, with ten dollars costs besides disbursements, this should, upon the like terms as to costs and disbursements, be affirmed.
Van Brunt, Oh. J., and Brady, J., concur.